# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

ERICK CERVANTES MERINO,

        Plaintiff,

vs.

NICK WHITMORE, et al.,

        Defendants.

No. C26-120-LTS-MAR

**MEMORANDUM
OPINION AND ORDER**

## I. INTRODUCTION

This case is before me on petitioner Erick Cervantes Merino's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. Cervantes Merino is an alien being held in custody without a bond hearing as his removal proceedings are ongoing. *See* Doc. 1. He has recently been granted Special Immigrant Juvenile Status (SIJS) under 8 U.S.C. § 1101(a)(27)(J). He claims his detention violates the Immigration and Nationality Act (INA) and the due process clause of the Fifth Amendment. In an initial review order (Doc. 2), I directed Respondents[1] to respond to the petition, which they have done. (Doc. 6). Cervantes Merino has replied (Doc. 10). Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

Cervantes Merino is a citizen and native of Mexico. He entered the United States in 2014, at the age of six. Doc. 1 at 5. He has lived in the United States since that time

---

[1] Although the response was filed only on behalf of the federal respondents and not the state employees (Doc. 6 at 1 n.1), this order will apply to all respondents with equal force.

and was attending Jefferson High School in Cedar Rapids, Iowa, until Immigration and Customs Enforcement (ICE) detained him on November 18, 2025. *Id.* at 1.

On November 16, 2025, law enforcement conducted a traffic stop on Cervantes Merino for missing a stop sign. *Id.* at 5-6. When asked for his identification, Cervantes Merino said he did not have physical identification and told officers his last name was Sosa, which he states is a name he is known by. *Id.* at 6. He was then arrested for providing false identification to a police officer and for other traffic offenses. *Id.* While the traffic offenses were dismissed, Cervantes Merino pleaded guilty to providing false information to a police officer and was ordered to pay a fine. *Id.* While he was released from criminal custody on his own recognizance, he remained under an ICE hold. *Id.* He was then transferred to ICE custody in Cedar Rapids, where he was processed for biometrics and then transported to the Hardin County Jail in Eldora, Iowa. *Id.* The Department of Homeland Security (DHS) issued Cervantes Merino a Notice to Appear on November 18, 2025, concluding that he is removable under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *Id.* at 7.

On April 16, 2026, this court denied Cervantes Merino's petition for a writ of habeas corpus under § 2241. *See Cervantes Merino v. Whitmore*, No. C26-43, 2026 WL 1034395 (N.D. Iowa Apr. 16, 2026). However, on April 30, 2026, United States Citizenship and Immigration Services (USCIS) approved Cervantes Merino's petition for SIJS. He argues that based on this status, he is deemed on parole and cannot be removed.

On May 1, 2026, unaware that USCIS had already approved his petition for SIJS, Cervantes Merino filed a complaint seeking a writ of mandamus compelling USCIS to adjudicate his petition. *See Cervantes Merino v. Whitmore*, No. C26-103, Doc. 1 (N.D. Iowa). On May 21, 2026, he filed an amended complaint seeking an order compelling USCIS to grant him deferred action. The respondents have filed a motion to dismiss in that case, which is pending. He filed the instant habeas petition on May 22, 2026.

On May 26, 2026, an Immigration Judge denied Cervantes Merino's motion to continue his merits hearing and his application for asylum and withholding of removal

and ordered post-conclusion voluntary departure with an alternate order of removal to Mexico.

### III. STANDARD OF REVIEW

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

### IV. ANALYSIS

The parties agree that Cervantes Merino's SIJ status does not grant him any immigration status and does not guarantee he will subsequently be found eligible for a visa or admission to the United States. Rather, this designation makes him eligible to apply for and, in the Government's discretion, receive an immigrant visa when one is available. 8 U.S.C. § 1255(a). Because Cervantes Merino submitted his I-360 petition prior to May 10, 2026, the parties also agree that USCIS will consider whether to grant him deferred action. The parties dispute the significance of Cervantes Merino's SIJ status and its effect, if any, on his detention and removal proceedings.

Cervantes Merino argues that SIJ status has the legal effect of paroling the individual into the United States under 8 U.S.C. § 1255(h)(1) and argues that ICE may detain a paroled non-citizen only if parole is revoked. *See* 8 U.S.C. § 1226(b). He argues cases of unrevoked parole fall outside the holding of *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), and unless and until DHS revokes his SIJS and parole through the specific procedures outlined in 8 C.F.R. § 204.11(j), he cannot be detained. He also advocates for application of the three-part test from *Mathews v. Eldridge*, 424 U.S. 318, 335 (1976) in evaluating his due process claim, arguing that his SIJS designation confers additional rights and protections and Congress intends for such individuals to remain in the United States pending their application for adjustment of status. Doc. 1 at 15 (citing

3

*Walter A. v. Easterwood*, No. 26-CV-1393, 2026 WL 836428, at *20 (D. Minn. Mar. 26, 2026)).

Respondents disagree that Cervantes Merino has been paroled. It notes section 1255 permits the Attorney General "in his discretion and under such regulations as he may prescribe" to adjust the status of "an alien who was inspected and admitted or paroled into the United States" to the status of "an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). Respondents argue an SIJ designee may be ineligible to adjust his status under § 1255(a) because he was not "inspected and admitted or paroled into the United States." They explain that subsection (h)(1) removes that ineligibility:

> In applying this section to a special immigrant described in section 1101(a)(27)(J) of this title –
>
> (1) such an immigrant shall be deemed, for purposes of subsection (a), to have been paroled into the United States;

8 U.S.C. § 1255(h)(1). In other words, subsection (h) does not actually grant parole to these individuals but treats them as "paroled" when determining whether they are eligible to adjust their status. Respondents argue that Cervantes Merino does not cite any authority to support his alternative interpretation. They note the only cases he cites relate to aliens who were granted parole under § 1182(d)(5) or released on their own recognizance under § 1226(a).

Cervantes Merino relies on *Martin Martin v. Mullin*, No. 26-CV-92-CJW-KEM (N.D. Iowa May 26, 2026), and the cases cited therein to argue he is entitled to at least a bond hearing if DHS insists on his continued detention. In *Martin Martin*, the petitioner not only had SIJ status, but also had been previously encountered by United States Border Patrol and served a Notice to Appear before being released to her adult sister in Postville, Iowa, under 8 U.S.C. § 1232(c), prior to her detention. As such, her situation more closely resembles those who had been granted parole or been released on their own recognizance after an encounter with Border Patrol. The court also stated she had acquired a liberty interest upon approval of her SIJS petition based on Congress' intent

4

that Special Immigrant Juveniles are to remain in the United States pending their application for adjustment of status. *See Martin Martin*, No. 26-CV-92-CJW-KEM, Doc. 14 at 7 (citing *Walter A.*, 2026 WL 836428, at \*19).

In *Walter A.*, the petitioner was subject to a final removal order and thus was detained under 8 U.S.C. § 1231(a)(2) (providing the "Attorney General shall detain the alien" during the 90-day removal period). The petitioner, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), argued his removal was not significantly likely in the reasonably foreseeable future based on his SIJ status. The court agreed, noting that the statutory language and history of the SIJS statutory scheme demonstrated Congress' clear intent that SIJ designees are to remain in the United States pending their application for adjustment of status. *See Walter A.*, 2026 WL 836428, at \*20. In evaluating the petitioner's due process rights, the court cited other cases finding that SIJS designees who had not had the opportunity to adjust status could not be lawfully removed and noted the discrepancy between ICE pursuing removal and USCIS awarding SIJS. *Id.* at \*21. Regarding the likelihood of the petitioner's removal in the reasonably foreseeable future, the court noted that his unrevoked SJIS presented a constitutional barrier that rendered removal unlikely in the reasonably foreseeable future. *Id.* at \*22. It noted that only USCIS could revoke SIJ status and could do so only upon a showing of "good and sufficient cause." *Id.* (citing 8 U.S.C. § 1155; 8 C.F.R. § 205.2(a)). It further noted none of the significant procedural steps to revoke SIJ status had occurred and concluded USCIS was unlikely to do so in the reasonably foreseeable future. As such, the court concluded the petitioner's detention was unconstitutional and ordered his immediate release. *Id.* at \*23.

Cervantes Merino is not on the same procedural footing as the petitioner in *Walter A.* He is detained pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A), making *Zadvydas* inapplicable at this time. I agree with respondents that Cervantes Merino is not in fact paroled, but that § 1255(h)(1) deems him as being paroled simply to remove ineligibility to adjust status. As such, his SIJ status now makes hm eligible to apply for

5

an immigrant visa when one is available. While SIJ status may provide additional due process protections, those protections lie within the SIJ process itself – such as procedures for revoking SIJ status. *See* 8 C.F.R. §§ 205.2 (requiring notice to revoke an approved petition), 204.11(j) (discussing bases upon which status may be revoked).

I recognize that there is tension between the executive branch pursuing removal of individuals to whom Congress has provided a path to adjustment of legal status. However, the issue raised by this habeas petition is not whether Cervantes Merino can be removed based on his SIJ status,[2] but whether he may continue to be detained without a bond hearing pending removal. I conclude that his SIJ status does not provide a basis for immediate release or bond hearing, but affects only his eligibility to adjust his status. His petition is denied for these reasons and for the reasons provided in the order on his previous petition in *Cervantes Merino v. Whitmore*, No. C26-43, Doc. 18 (N.D. Iowa Apr. 16, 2026).

## V. CONCLUSION

For the reasons set forth herein, Erick Cervantes Merino's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**.

**IT IS SO ORDERED** this 2nd day of July, 2026.

_____
Leonard T. Strand
United States District Judge

---

[2] The Board of Immigration Appeals appears to take the position that "the fact that a respondent has an approved visa petition does not entitle him to delay the completion of removal proceedings pending availability of a visa number." *See* Doc. 9-5 at 1 (quoting *Matter of Pinzon Rozo*¸ 29 I&N, Dec. 507 (BIA 2026)). Cervantes Merino has indicated he is appealing that order and I agree that the immigration court is the appropriate venue to challenge the propriety of his removal in light of his SIJ status at this time.